IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 2:06-622-PMD-RSC |
| Plaintiff, | ) ) ) | COMPLAINT |
| v. | ) ) | |
| MVP NATURAL STONE, LLC and MVP GROUP INTERNATIONAL, INC. | ) ) ) | JURY TRIAL DEMAND |
| Defendants | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Rod Manderville who was adversely affected by the practices. As alleged with greater particularity below, Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendants MVP Natural Stone, LLC and MVP Group International, Inc. ("Defendants") discriminated against Rod Manderville by subjecting him to a hostile work environment because of his race, African American.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Charleston Division. This lawsuit is being filed in the Charleston Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Charleston Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant MVP Natural Stone, LLC has continuously been a South Carolina corporation doing business in the State of South Carolina and the City of Charleston.

5. At all relevant times, Defendant MVP Group International, Inc., has continuously been a Kentucky corporation doing business in the State of South Carolina and the City of Charleston.

6. During the relevant time period, Defendant MVP Natural Stone, LLC employed over 15 employees for 20 or more calendar weeks in a calendar year.

7. During the relevant time period, Defendant MVP Group International, Inc. employed over 15 employees for 20 or more calendar weeks in a calendar year.

8. Defendants have operated as an integrated business enterprise since at least February 2004, and maintain their principal place of business in Charleston, SC.

9. At all relevant times, as an integrated enterprise, Defendants employed over 15 employees for 20 or more calendar weeks in a calendar year.

10. At all relevant times, Defendants jointly and severally, have continuously been employers engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Rod Manderville filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. From around August 2004 until around January 2005, Defendants engaged in unlawful employment practices at its Charleston, South Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendants subjected Rod Manderville to discrimination based on his race, African American, by subjecting him to severe or pervasive racial slurs, jokes, and comments that created a racially hostile work environment. The racial harassment included racial slurs such as "nigger," "black bitch," "black dog" and "black faggot," racial jokes using the word "nigger," and derogatory statements about African Americans all of which were unwelcome to Mr. Manderville. The harassment was perpetrated by Mr. Manderville's supervisor, who is a co-owner of Defendant MVP Natural Stone, LLC, and several of Mr. Manderville's co-workers. Although Mr. Manderville complained several times to Defendants about the racial harassment, the first time being in August 2004, and Defendants otherwise knew or reasonably should have known about the racial harassment, Defendants failed to take prompt or effective action to stop the racial harassment.

3

13.  The effect of the practices complained of in paragraph 12 above has been to deprive Rod Manderville of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, African American.

14.  The unlawful employment practices complained of in paragraph 12 above were intentional.

15.  The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Rod Manderville.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from maintaining a racially hostile work environment or from any other employment practice that discriminates on the basis of race.

B.  Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for African Americans, and which eradicate the effects of their past and present unlawful employment practices.

C.  Order Defendants, jointly and severally, to make whole Rod Manderville by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, including medical expenses, in amounts to be determined at trial.

D.  Order Defendants, jointly and severally, to make whole Rod Manderville by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

E.  Order Defendants, jointly and severally, to pay Rod Manderville punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 2nd day of March, 2006.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

5

LYNETTE A. BARNES
Regional Attorney


s/ Mary M. Ryerse
MARY M. RYERSE
Trial Attorney (Bar No. 9604)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6886
Facsimile: 704.344.6780
E-mail: mary.ryerse@eeoc.gov


JONATHAN S. GASSER
UNITED STATES ATTORNEY

By: s/ Robert F. Daley, Jr.
ROBERT F. DALEY, JR. (Bar No. 6460)
Assistant United States Attorney
District of South Carolina
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: 803.929.3054

ATTORNEYS FOR PLAINTIFF